**FORM 104 (08/07)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ford Motor Credit Company, a Delaware limited liability company | **DEFENDANTS**<br>Rocky G. Buteau |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stephen D. Wheelis, Wheelis & Rozanski<br>P.O. Box 13199, Alexandria, LA 71315-3199, (318) 445-5600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Rocky G. Buteau ||| BANKRUPTCY CASE NO.<br>15-50844 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Louisiana || DIVISIONAL OFFICE<br>Lafayette | NAME OF JUDGE<br>Robert Summerhays |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Stephen D. Wheelis ||||
| DATE<br>12/21/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stephen D. Wheelis |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE:     ROCKY G. BUTEAU            BANKRUPTCY CASE NO.

DEBTOR                                15-50844

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FORD MOTOR CREDIT COMPANY,**      ADVERSARY PROCEEDING NO.:
**a Delaware limited liability company**

**VERSUS**                                     15-ap-____

**ROCKY G. BUTEAU**

### **COMPLAINT TO DENY DISCHARGE OF DEBTOR**

     **NOW INTO COURT**, through undersigned counsel, comes **FORD MOTOR CREDIT COMPANY, a Delaware limited liability company**, a secured creditor of the Debtor, which files this Complaint objecting to the discharge of the Debtor for the reasons set forth below.

### **JURISDICTION**

1.

     This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. 157, 1334, 11 U.S.C. 727 and Bankruptcy Rules 7001, et seq.

2.

     This matter constitutes a core proceeding and this Court has jurisdiction to enter final orders and decrees.

### **PARTIES**

3.

     The party plaintiff to these proceedings is Ford Motor Credit Company, a Delaware limited liability company and a secured creditor of the Debtor in the above bankruptcy case.

4.

     The party defendant to this proceeding is the Debtor, Rocky G. Buteau, 214 Harvest Drive, Lafayette, Louisiana, 70508.

## FACTS

5.

By "Louisiana Vehicle Retail Installment Contract" dated January 16, 2015, Debtor purchased a 2014 Ford F150 truck VIN 1FTFW1ET2EKF43251.

6.

The vehicle was purchased for a cash price of $49,321.15. From that amount a third party rebate in the amount of $2,000.00 and a cash down payment in the amount of $2,202.44 were deducted from the purchase price. In addition to the purchase price, Ford refinanced the negative equity of the Debtor in two prior trade-in vehicles in the amount of $17,999.79. Together with taxes and fees, Debtor financed a total amount of $64,000.00 at 3.89% interest over 72 months with monthly payments of $999.04 per month beginning February 23, 2015 and continuing monthly thereafter. The last payment received by Ford on the account was received June 11, 2015 and the account was in arrears in the amount of $3,996.16 at the time of the filing of these bankruptcy proceedings.

7.

Debtor filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on July 10, 2015. On the same date Debtor filed Sworn Schedules of Assets and Liabilities and a Statement of Financial Affairs (docket #1) in the main case.

8.

Schedule B filed by the Debtor under oath in response to item number 25 under the category of "Description and Location of Property" indicates that the Debtor had possession of the 2014 F150 truck at the time of filing.

9.

On or about November 17, 2015, Ford received a "Notification of Lien" dated November 9, 2015 from Brian Fenner, Operations Manager, SPERRO, LLC indicating that the 2014 Ford F150 had been towed to and stored at a location in Indiana "at the owner's request."

10.

At the time of the filing of the bankruptcy petition, Debtor also filed his Statement of Intention and indicated that he would surrender the 2014 Ford F150 truck to Ford and further indicated that he was not claiming the vehicle as exempt. (Docket #1 main case).

11.

The lien notice dated November 9, 2015 lists the owner of the vehicle as Rocky Buteau and the owner's address as 3814 Augusta Lane, Elkhart, Indiana, 46517.

12.

The record in the main case does not reflect that the Debtor has filed a notice of address change.

13.

The Debtor has not complied with the Statement of Intentions and has not surrendered the vehicle.

14.

Demand has now been made upon Ford to pay towing, storage and related expenses in the amount of $4,511.05 to SPERRO LLC.

## **COUNT ONE**

15.

Ford Motor Credit Company reiterates and incorporates herein as if fully set forth Paragraphs 1-14 above.

16.

Ford at no time consented to the removal of its collateral from the State of Louisiana and no order of this Court has been signed authorizing the Debtor to transfer the bankruptcy estate property and collateral of Ford to a third party. The Sworn Statement of Financial Affairs filed by the Debtor does not indicate any transfer of the 2014 F150 to any other party.

17.

According to the lien notice, the Debtor voluntarily transported the vehicle to Indiana and requested that same be stored at SPERRO LLC.

18.

Ford shows that just cause exists for this Court to deny the discharge of the Debtor pursuant to 11 U.S.C. 727(a)(2)(A).

## **COUNT TWO**

19.

Ford Motor Credit Company reiterates and incorporates herein as if fully set forth Paragraphs 1-18 above.

20.

The Sworn Schedules of Assets and Liabilities of the Debtor and Statement of Financial Affairs do not disclose any records or information regarding any agreements with SPERRO LLC or any documents evidencing the transfer or assignment of the vehicle to the custody of SPERRO LLC.

21.

The Sworn Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtor indicate that the Debtor maintained possession of the vehicle at the time of the filing of the bankruptcy

petition.

22.

Neither the lien notice nor any information in the possession of Ford indicate on which date the Debtor had the vehicle transferred and stored at SPERRO LLC in Indiana. Ford is not able to determine, without further discovery, the date on which it was transferred and whether the transfer was made pre- or post-petition.

23.

Ford shows that just cause exists for this Court to deny the discharge of the Debtor based upon the provisions of 11 U.S.C. 727(a)(3).

### **COUNT THREE**

24.

Ford Motor Credit Company reiterates and incorporates herein as if fully set forth Paragraphs 1-23 above.

25.

To the extent it is determined that the Debtor willingly and/or fraudulently filed Sworn Statements of any kind with this Court which contained information and/or omitted information required to be disclosed regarding the collateral and property of the estate, Ford requests that this Court deny the discharge of the Debtor pursuant to 11 U.S.C. 727(4)(A)(B) and (C).

26.

Further, to the extent the Debtor failed to disclose the transfer of the property to the Chapter 7 Trustee and any records related to the transfer, Ford requests that this Court deny the discharge of the Debtor pursuant to 11 U.S.C. 727(4)(D).

### **COUNT FOUR**

27.

Ford Motor Credit Company reiterates and incorporates herein as if fully set forth Paragraphs 1-26 above.

28.

The Debtor has provided no information or disclosures to explain how the collateral was transferred to Indiana, how the collateral was stored at SPERRO LLC at the request of the Debtor or why the Debtor failed to surrender the collateral to Ford in accordance with the Statement of Intentions filed by the Debtor.

29.

Ford requests that this Court deny the discharge of the Debtor pursuant to 11 U.S.C. 727(a)(5).

## COUNT FIVE

30.

Ford Motor Credit Company reiterates and incorporates herein as if fully set forth Paragraphs 1-29 above.

31.

Ford shows that it is entitled to a judgment of this Court denying the discharge of the Debtor pursuant to 11 U.S.C. 727 and further awarding judgment in favor of Ford for all costs and fees incurred in recovering its collateral and for any and all deficiency amounts due and owing to Ford on the account together with all accrued interest, fees and charges including attorney's fees and costs of this proceeding.

**WHEREFORE FORD MOTOR CREDIT COMPANY PRAYS** that this Complaint be deemed good and sufficient and that after due proceedings had and trial hereof there be judgment herein in favor of Ford Motor Credit Company and against the Debtor denying the discharge of the debtor and further awarding Ford Motor Credit Company all fees and costs incurred as a result of the filing of this Complaint all pursuant to 11 U.S.C. 727.

Respectfully submitted,

**WHEELIS & ROZANSKI**

By: /s/ Stephen D. Wheelis
    Stephen D. Wheelis #17205
    Richard A. Rozanski #22583
    P.O. Box 13199
    Alexandria, Louisiana 71315-3199
    318/445-5600
**ATTORNEYS FOR FORD MOTOR CREDIT COMPANY**